UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 99-cr-00125-KMM

EFRAIN CASADO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

THIS CAUSE is before the Court on Efrain Casado's pro se Motion for Relief from Judgment. *Mot*. (ECF No. 1331). The Government has responded in opposition. *Response* (ECF No. 1332). For the reasons set forth below, the Motion is DENIED.

**I.  Background**

In June 2000 the Court sentenced Casado to life imprisonment following his conviction for participating in a cocaine-distribution conspiracy. *Judgment* (ECF No. 779). As relevant here, in December 2013, Casado moved to vacate his conviction and sentence under 28 U.S.C. § 2255. *§ 2255 Mot*. (ECF No. 1211); S.D. Fla. 13-cv-24517-KMM, *§ 2255 Mot* (ECF No. 1). The Court denied Casado's § 2255 Motion as time barred. S.D. Fla. 13-cv-24517-KMM, *§ 2255 Order* (ECF No. 18). Casado appealed. The Eleventh Circuit declined to issue a certificate of appealability. S.D. Fla. 13-cv-24517-KMM, *Order of Dismissal* (ECF No. 25).

## II. Discussion

Casado now moves for relief from judgment, citing Federal Rule of Civil Procedure 60(b). *Mot*. at 1–8. As a threshold matter, Federal Rule of Civil Procedure 60(b) "does not provide for relief from judgment in a criminal case." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). The Court's inquiry does not stop here, however, as the Court liberally construes pro se submissions. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Liberally construing the Motion, Casado challenges his life sentence and requests that a different district court judge re-adjudicate the § 2255 Motion that this Court denied as time barred, arguing that the undersigned is biased. *Id*. Casado further argues that his motion does not qualify as an impermissible second or successive habeas motion because his challenge is based on allegations of judicial bias. *Id*.

First, recusal is not appropriate here. A district court judge must recuse "in any proceeding in which his impartiality might reasonably be questioned or where he has a personal bias or prejudice concerning a party." *United States v. Adamson*, 681 F. App'x 824, 827 (11th Cir. 2017). Recusal is justified "where an objective, fully-informed, lay observer would entertain significant doubt about the judge's impartiality." *Id*. "But adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *Id*. Recusal is not warranted here as Casado's conclusory and unsupported allegations of bias are insufficient to satisfy the objective standards set forth above.

Second, despite Casado's insistence to the contrary, the Motion is barred as a second or successive habeas motion. A motion qualifies as second or successive when it challenges the same conviction and sentence that the movant challenged in his previous § 2255 motion. *See Waul v. Sec'y, Fl. Dep't of Corrs.*, 726 F. App'x 766, 767 (11th Cir. 2018). "The Antiterrorism

and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion, a movant must first receive an order from the U.S. Court of Appeals authorizing the district court to consider it." *Murphy v. United States*, 438 F. App'x 818, 819–20 (11th Cir. 2011). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Id*. (internal quotation omitted). Because Casado seeks to renew his previously denied challenge to his conviction and sentence, the Court concludes that the Motion amounts to a challenge of the same conviction and sentence and is therefore barred as a second or successive habeas motion. *See id*. Thus the Court is without jurisdiction to review Casado's challenge absent authorization from the Eleventh Circuit. *See Waul*, 726 F. App'x at, 767.

### III.  Conclusion

For the foregoing reasons and UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJDUGED that the Motion is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of July, 2018.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record